IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 
 


NOS. AP-75,681; AP-75,682; AP-75,683




 

 

EX PARTE CALANDRA DENISE BELL, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


 CAUSE NOS. F01-40466-KQ, F01-75851-MQ, F01-21311-MQ 


 IN THE 204th DISTRICT COURT

FROM DALLAS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two
separate forgeries, and credit card abuse, and sentenced to ten years' imprisonment in each cause. 
The Fifth Court of Appeals affirmed her convictions. Bell v. State, Nos. 05-02-00490, 00493, 00494-CR (Tex. Crim. App.-Dallas, delivered August 21, 2003, no pet.). 

 Applicant contends, inter alia, that her appellate counsel rendered ineffective assistance
because counsel failed to timely notify Applicant that her convictions had been affirmed and failed
to advise her of her right to petition for discretionary review pro se. 

 Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court
has entered findings of fact and conclusions of law that appellate counsel failed to timely notify
Applicant that her convictions had been affirmed and failed to advise her of her right to petition for
discretionary appeal pro se. Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). We find,
therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary
review of the judgments of the Fifth Court of Appeals in Cause Nos. 05-02-00490, 00493, 00494-CR
that affirmed her convictions in Case Nos. F01-40466-KQ, F01-75851-MQ, F01-21311 from the
204th Judicial District Court of Dallas County. Applicant shall file her petitions for discretionary
review with the Fifth Court of Appeals within 30 days of the date on which this Court's mandate
issues.

 All other claims are dismissed. Ex parte Torres, 943 S.W.2d 469 (Tex. Crim. App. 1997).


Delivered: May 23, 2007

Do not publish